UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIANA REDD,

                       Plaintiff,

vs.                                                            Case No.  3:13-cv-151-J-MCR

CAROLYN W. COLVIN,
Commissioner of Social Security,

                       Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") in March and April 2010, alleging disability beginning January 1, 2010.  (Tr. 56, 59, 116-21).  Plaintiff's claims were denied initially and on reconsideration.  (Tr. 56-64, 71-74).  At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ").  (Tr.31-55).  The ALJ issued a decision finding Plaintiff not disabled in September 2011.  (Tr. 13-25).  The Appeals Council

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 14).

denied Plaintiff's request for review. (Tr. 1-6). Therefore, the Commissioner's decision is now ripe for review. See 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. NATURE OF DISABILITY CLAIM

### A. Statement of the Case

Plaintiff was 51 years old at the time the ALJ issued his decision. (Tr. 21, 116). She has an eleventh grade education and past relevant work experience as a housekeeper and laundry worker. (Tr. 51-52, 130-31, 139-48). Plaintiff claims she became disabled on January 1, 2010 due to diabetes, high blood pressure and leg impairments. (Tr. 129-30).

### B. Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(a)(2)(ii). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. §§

404.1520(d), 416.920(a)(2)(iii).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(a)(2)(iv).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 15).  At step two, the ALJ found Plaintiff had the following severe impairments: bilateral lower extremity occlusive disease, diabetes mellitus, chronic mastitis and chronic low back pain.  (Id.).  At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4.  (Tr. 16).  The ALJ further determined Plaintiff had the residual functional capacity ("RFC")[2] to perform light work[3] with the following limitations:

---

[2] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations.  20 C.F.R. §§ 404.1545, 416.945.  The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation.  Id.

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary
(continued...)

> lifting and carrying only twenty pounds occasionally, a 30
> minute sit/stand option, only occasional balancing, stooping,
> and climbing ramps and stairs, and no kneeling, crouching,
> crawling, or climbing of ladders, ropes, or scaffolds

(Tr. 16-19).

Based on the RFC, the ALJ found Plaintiff was unable to perform her past relevant work. (Tr. 19). Therefore, the ALJ proceeded to step five where he sought the advice of a vocational expert ("VE") to determine whether Plaintiff's age, education, work experience, and RFC allowed her to perform other work that existed in the national economy. The ALJ, with the assistance of the VE's testimony, determined that Plaintiff was able to perform the following alternative positions which exists in significant numbers in the national economy: ticker taker cashier, and ticket teller. (Tr. 19-20). Thus, the ALJ concluded Plaintiff was not under a disability as defined by the Social Security Act. (Tr. 20).

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

---

[3](...continued)
work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**B.     Issue on Appeal**

Plaintiff argues the ALJ failed to adequately evaluate the medical evidence of record because he did not properly account for the opinions offered by Dr. Susan Yandle, an examining physician (Doc. 17, pp. 5-7), and Dr. Frances Sadler, a reviewing

physician (Id. at pp. 7-8).[4]  In response, the Commissioner contends that substantial evidence supports the ALJ's evaluation of these opinions.  (Doc. 18, pp. 3-7).

With respect to Dr. Yandle's opinion, after examining Plaintiff in August 2010, Dr. Yandle opined Plaintiff had a "marked limitation for walking for extended periods of time and for climbing" and a "moderate limitation" for squatting.  (Tr. 315).  The ALJ gave this opinion "some weight" and limited Plaintiff to jobs allowing a "30 minute sit/stand option."  (Tr. 16, 19).

Based on Dr. Yandle's assessment, Plaintiff contends that she would be limited to sedentary work because of "marked" inability to stand and/or walk the majority of the day.  (Doc. 17, p. 6) (emphasis omitted).  However, Dr. Yandle actually opined Plaintiff had a marked limitation in walking "for extended periods of time."  (Tr. 315).  The ALJ, therefore, restricted Plaintiff to jobs that would allow her the option to sit or stand every 30 minutes, which accounts for Plaintiff's limited ability to walk for extended periods. See (Tr. 16); see also Bartes v. Colvin, 2013 WL 4502079, at *5 (N.D. Ala. Aug. 22, 2013) ("The ALJ accepted Plaintiff's testimony that she had difficulty sitting or standing for extended periods. ... Accordingly, the ALJ's RFC finding recognized Plaintiff needed to change positions from time to time."); Hardenbrook v. Astrue, 2011 WL 4031098, at *6 (M.D. Fla. Aug. 3, 2011) (finding ALJ adequately discussed claimant's ability to

---

[4] Plaintiff also mentions a Doppler study of her legs.  (Doc. 17, pp. 5, 7-8).  However, the ALJ considered this test in his decision (Tr. 16), and Plaintiff does not explain how it undermines the ALJ's decision.  See United Technologies Corp. v. Mazer, 556 F.3d 1260, 1279-80 (11th Cir. 2009) (holding appellant abandoned issue not raised in opening brief).

"stand and sit for extended periods of time" where ALJ limited claimant to light work with a sit/stand option), adopted, 2011 WL 4027738 (M.D. Fla. Sep. 12, 2011).

With respect to Dr. Sandler's opinion, Dr. Sandler reviewed the medical records in August 2010 and opined Plaintiff could lift twenty pounds occasionally and ten pounds frequently, stand or walk for at least two hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. (Tr. 323). The ALJ stated that this opinion showed Plaintiff could perform "a range of light exertional activity." (Tr. 18); see 20 C.F.R. §§ 404.1567(b), 416.967(b) (stating the full range of light work requires lifting up to twenty pounds and frequently lifting and carrying ten pounds or less); SSR 83-10 (stating the "full range" of light work requires standing or walking, off and on, for about six hours of an eight-hour workday).

Plaintiff argues that Dr. Sandler's opinion limits her to sedentary work because light work requires a person to stand or walk for "the majority of the day or greater than two hours."[5] (Doc. 17, p. 8). However, those requirements concern "the full range" of light work, and an individual may be able to "do a little more or less than the exertion specified for a particular range of work." SSR 83-12. Dr. Sandler opined Plaintiff could still meet the lifting and sitting requirements of light work, and her ability to stand or walk exceeded the requirements of sedentary work. (Tr. 323); see SSR 83-10 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of

---

[5] The Court notes that Plaintiff misstates Dr. Sandler's opinion to state that she could not stand and walk "at least two hours a day." See (Doc. 17, p. 8) (emphasis omitted). However, Dr. Sandler actually opined she *could* stand and walk for at least two hours. See (Tr. 323) (emphasis added).

-7-

standing or walking should generally total no more than about 2 hours of an 8-hour workday . ...").

Therefore, the Court finds that the ALJ properly evaluated the medical record and substantial evidence supports his determination.  See Stogner v. Astrue, 2013 WL 3816559, at *8 (N.D. Ala. July 22, 2013) (rejecting claimant's argument that his RFC "better comports with sedentary work" and stating "the ALJ's findings clearly exceed the sedentary level and appear to fall close to the Regulation's definition for light work"); Wickens v. Comm'r of Soc. Sec., No. 2013 WL 436214, at *4 (M.D. Fla. Feb. 5, 2013) ("Since the lifting and carrying limitations exceeded those found in sedentary work, the Court agrees with the Commissioner that the ALJ's RFC finding is properly characterized as a range of light work.")

## IV. CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this  25th  day of September, 2013.

Copes to:

Counsel of Record

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE